**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MVW HOLDINGS, INC.,** an Illinois corporation, | ) |
| | ) |
| | ) |
| *Plaintiff,* | ) |
| v. | ) |
| | )     Case No. |
| | )     Honorable |
| **E-CORE TECHNOLOGY, INC.,** a Florida company, and **UPEXI, INC.,** a Nevada Corporation, | ) |
| | ) |
| | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

**COMPLAINT AND JURY DEMAND**

Plaintiff MVW Holdings, Inc. ("MVW" or "Plaintiff"), d/b/a MAGNA-TILES®, by and through its attorneys, brings this Complaint against Defendants E-Core Technology Inc. ("E-Core") and UPEXI, Inc. ("UPEXI") (collectively, "Defendants") as follows:

**NATURE OF THE SUIT**

1.    Defendants have illegally enriched themselves at MVW's expense by engaging in unfair competition and deceptive practices including infringement of trademarks and trade dress. Accordingly, MVW brings this action for injunctive relief and damages arising from Defendants' unlawful acts of trademark infringement, in violation of the Lanham Act 15 U.S.C. § 1114, unfair competition and trade dress infringement, in violation of the Lanham Act 15 U.S.C. § 1125(a), and state and common law claims of unfair competition.

**PARTIES**

2.    MVW is an Illinois corporation having its principal place of business at 101 E. Crossroads, Pkwy, Unit C, Bolingbrook, IL 60440.

3.    Upon information and belief, E-Core is a Florida corporation that maintains a

1

principal place of business at 2204 Residence Circle, Naples, FL 34105 and has Incorp Services, Inc. as a registered agent located at 3458 Lakeshore Drive, Tallahassee, FL 32312.

4.     Upon information and belief, UPEXI is a Nevada corporation that maintains a principal place of business at 3030 N Rocky Point Drive, Suite 420, Tampa, FL 33607 and has Incorp Services, Inc. as a registered agent located at 9107 West Russell Road, Ste. 101, Las Vegas, NV 89148.

## JURISDICTION AND VENUE

5.     This Action arises under federal statute, 15 U.S.C. §§ 1114 and 1125(a), the Lanham Act. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as federal questions are presented. This Court has subject matter jurisdiction over the related state law claims under 28 U.S.C. § 1367.

6.     This Court has personal jurisdiction over Defendants. Defendants solicit, transact, and do business within this judicial district.

7.     Defendants have sold products with infringing packaging into this jurisdiction.

8.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400. Venue is also proper because Defendants are subject to personal jurisdiction in this district.

## BACKGROUND

9.     MVW, and/or its predecessor in interest (also referred to collectively as "MVW"), was founded in 1997.

10.    MVW is a leading manufacturer and supplier of children's magnetic building sets and a well renown developer of child educational toys worldwide, examples of which are shown below:

2

 

11.    MVW offers its goods directly to consumers, educators, and retailers, as well as wholesale distributors around the world.

12.    MVW is the owner of numerous federal trademark registrations with the United States Patent and Trademark Office used in connection with these goods, including, but not limited to, the following which are referred to as the "MVW Trademarks":

– **MAGNA-TILES** (Reg. No. 2654320) in Class 28 for "[m]anipulative toys, namely, blocks and puzzles**;**

– **MAGNA-TILES** (Reg. No. 5622354) in Class 28 for "[t]oy building blocks; [t]oy construction blocks; [c]onstruction toys incorporating magnets;"

– **MAGNA-TILES** (Reg. No. 6247284) in Class 28 for "[c]ases for toy building blocks; [c]ases for toy construction blocks; [c]ases for toy construction tiles and blocks incorporating magnets;"

13.    MVW has used its MVW Trademarks in commerce for nearly three decades.

14.    MVW is also the owner of various federal trade dress registrations with the United States Patent and Trademark Office, including the following which are referred to as the "MVW Registered Trade Dress":

– Design Mark (Reg. No. 7388079, referred to as "the '079 Design Mark") (Exhibit A) in Class 28 for "[c]onstruction toys incorporating magnets; Manipulative puzzles; Toy building blocks; Toy cars; Toy construction blocks; Toy vehicle tracks; Toy vehicles." The mark "consists of a three-dimensional configuration of a box featuring a solid vertical band on the right and a collection of multiple

3

overlapping triangles in the upper left hand corner extending horizontally along the top and vertically down along the left side;"



- Design Mark (Reg. No. 7387098, referred to as "the '098 Design Mark") (Exhibit B) in Class 28 for "Construction toys incorporating magnets; Manipulative puzzles; Toy building blocks; Toy cars; Toy construction blocks; Toy vehicle tracks; Toy vehicles." The mark "consists of triangles and squares along the left side and top of the paper."



15.     In addition to MVW's Registered Trade Dress, MVW has common law rights in various other trade dress that are not registered on the United States Patent and Trademark Principal Register (referred to as, "MVW Unregistered Trade Dress") that include, either individually or in combination, a solid-colored band on the right side of the packaging, the solid-colored band being of particular hue of colors, a white background, primary-colored, overlapping

4

shapes featured on the top left corner of the packaging, and a prominent display of a building set product in the middle of the packaging, as shown below:

 

16.     MVW's Registered Trade Dress and MVW Unregistered Trade Dress are collectively referred to as "MVW's Trade Dress."

17.     The packaging designs featuring MVW's Trade Dress have been used in commerce since at least March 2014.

18.     MVW's Trade Dress has been in advertisements, on store shelves, and listed on all online purchasing platforms since at least March 2014.

19.     MVW's Trademarks and MVW's Trade Dress are collectively referred to as "MVW's Intellectual Property."

20.     MVW's Intellectual Property have become widely recognized and have garnered tremendous goodwill with the public and consumers throughout the United States.

21.     MVW has spent, and continues to invest, a substantial amount of time, resources, and money in protecting, advertising, and promoting MVW's Trade Dress in the United States and throughout the world.

22.     Since its founding in 1997, MVW has become a worldwide enterprise and has spent an extraordinary amount of time, resources, and money to advertise and promote MVW's

5

Intellectual Property.

23.     Between just 2018 and 2024, MVW spent over Twenty-Six Million Dollars ($26,000,000.00) in advertising its children's building sets and education toys bearing MVW's Trade Dress.

24.     As a result of MVW's significant investment and efforts, MVW's Trade Dress has acquired distinctiveness and goodwill in the United States and throughout the world.

25.     MVW's Trade Dress branded building sets and toys are enjoyed by hundreds of thousands of children each year.

26.     Between 2010 and 2024, MVW generated over Four Hundred and Fifty-Six Million Dollars ($456,000.000.00) in revenues (Point of Sale) from U.S.-based sales of its building sets featuring MVW's Trade Dress.

27.     Since just 2023, MVW generated over One Hundred Fifty Million Dollars ($150,000.000.00) in revenues (Point of Sale) from U.S.-based sales of its building sets featuring MVW's Trade Dress.

28.     Since 2017, MVW has sold over 10.7 million units of its building sets featuring MVW's Trade Dress.

29.     Since just 2023, MVW has sold over 3 million units of its building sets featuring MVW's Trade Dress.

**Defendants' Infringement**

30.     Upon information and belief, E-Core was the original manufacturer of Tytan tiles branded children's magnetic building sets.

31.     Prior to 2022, E-Core was selling its Tytan tiles directly to consumers, as well as wholesale distributors and through outlets, such as Walmart, Target, Lowe's, Fry's, BJ's,

Groupon, and the like.

32.    Prior to 2022, it is believed that Tytan tiles used a packaging that did not have a solid-colored band on the right side of the packaging or primary-colored overlapping shapes featured on the top left corner of the packaging, such as that shown below:

  

33.    Numerous online reviews show Tytan tiles' products from before 2022 having similar style of packaging, such as the Defendants' 60-piece set dated December 30, 2020, and December 16, 2021 shown below:

  

7





34.     In or around August 2022, UPEXI acquired E-Core and its Tytan tiles Brand.

Grove, Inc's Aggregation Division, Upexi, Signs LOI to Acquire E-Core, Inc. and Its Subsidiaries Totaling $35M+ in TTM Revenues :: Upexi, Inc. (UPXI). (Exhibit C).

35.     Around this same time or shortly thereafter, certain Tytan tiles products (hereinafter, "Infringing Products") changed their packaging to include a solid-colored band on the right side of the packaging, the solid-colored band being of particular hue of colors, a white background, primary-colored, overlapping shapes featured on the top left corner of the packaging, and a prominent display of a building set product in the middle of the packaging, as shown below on the 60-piece set and the 100-piece set:





8

36. Defendants choose not to copy MVW's Trade Dress for the packaging for its other magnetic building sets which continue to be offered for sale at various retailers, and an example of these other packaging from Walmart is shown below:



9



37.     Notably, the other packaging does not include a solid-colored band on the right side of the packaging, a white background, and/or primary-colored overlapping shapes featured on the top left corner of the packaging.

38.     Upon information and belief, Defendants began selling the Infringing Products **in person** at Walmart stores in or around December 2022.

39.     As recently as December 2024, the Infringing Products were available at the Walmart store located in Aurora, Illinois as shown in the below picture:



10

40.    Moreover, the Infringing Products are offered for sale side-by-side with MVW's products on the shelves in such Walmart store, as shown below:

 

41.    As recently as December 2024, the Infringing Products also appear side-by-side with MVW's products at a Walmart store in Bloomingdale, Illinois, as shown in the picture below:

 

42.     The 60-piece and 100-piece sets are also the only building sets that Defendants sell in person at Walmart.

43.     As shown above, the Infringing Products convey the same overall commercial impression as MVW's Trade Dress.

44.     In addition to the good-will of MVW's Trade Dress with in-person available products, the Infringing Products are listed online directly next to one another, as seen from Walmart's listing shown below:



45.     Defendants have even copied the orientation of packaging in its online

advertisement to mimic MVW's online listings, as seen from Walmart's online listings:

 

46.     Consumers encountering Defendants' Infringing Products bearing MVW's Trade Dress will immediately, and falsely, believe it to originate from MVW.

47.     Upon information and belief, Defendants adopted the Infringing Marks with the intent to create a false association with MVW and deceive the consuming public, thereby trading on the goodwill associated with MVW's Trade Dress.

48.     Even if consumers identify the goods bearing MVW's Trade Dress as originating from Defendants, they are likely to mistakenly believe the product originated from or is affiliated with MVW.

49.     Defendants' use of MVW's Trade Dress has and is likely to cause confusion among the purchasing members of the public.

50.     Evidence of consumer confusion can be found in Defendants' customer reviews on Walmart.com for the 60-piece building set as shown below:

13







51.     Evidence of consumer confusion can be further found in Defendants' customer reviews on Walmart.com for the 100-piece building set as shown below:

14





52.     In August 2024, UPEXI unwound its deal with E-Core. See, Upexi Provides Shareholder Update on Restructuring to Reduce Debt and Increase Working Capital :: Upexi, Inc. (UPXI). (Exhibit D).

53.     The Infringing Products manufactured before August 2024 remain on sale both in person and online as of December 2024.

54.     Defendants' conduct is intentional, willful, and done in bad faith, with actual knowledge of MVW's Intellectual Property.

55.     MVW has, through counsel, attempted to resolve this dispute with Defendants, to no avail.

56.     Defendants are liable for their deceptive conduct because they intentionally used, and continue to use, MVW's Trade Dress, with knowledge that MVW would be damaged by

such use.

57.     MVW has been damaged by Defendants' use of MVW's Trade Dress and will continue to be damaged until such time as Defendants' infringement permanently ceases.

## CAUSES OF ACTION

### COUNT I
### Federal Trade Dress Infringement
### Under Section 32 of the Lanham Act, 15 U.S.C. § 1114

58.     MVW hereby adopts and realleges by reference the allegations contained in paragraphs 1-57 above, as if fully set forth herein.

59.     MVW exclusively owns the '079 Design Mark.

60.     MVW has and is continuing to use the '079 Design Mark in interstate commerce in connection with Class 28 specifically listed products: Construction toys incorporating magnets, namely toy building blocks.

61.     Defendants are using packaging that is confusingly similar to MVW's '079 Design Mark.

62.     Defendants' use of MVW's '079 Design Mark on the Infringing Products constitutes a copying, or colorable imitation of MVW's '079 Design Mark.

63.     Defendants are using MVW's '079 Design Mark in connection with the sale, or advertising of goods in a manner that has and is likely to continue to cause confusion or mistake, or to deceive customers as to an affiliation, connection, or association with MVW.

64.     Upon information and belief, MVW alleges, that Defendants have acted in bad faith and/or willfully in adopting confusingly similar variations of the '079 Design Mark including use of the same square three-dimensional configuration of a box featuring a solid vertical band on the right and a collection of multiple overlapping shapes in the upper left-hand

16

corner.

65.     Defendants' unauthorized use of confusingly similar variations of the '079 Design Mark constitutes trade dress infringement in violation of 15 U.S.C. § 1114.

66.     Defendants' infringement of MVW's '079 Design Mark has caused and will continue to cause MVW to suffer irreparable injuries to their good will and customer reputation, in addition to monetary damages.

67.     As a result of Defendants' willful and unauthorized use of the MVW's '079 Design Mark, MVW is entitled to injunctive relief.

68.     As a direct and proximate result of Defendants' infringement, MVW has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

69.     As a result of Defendants' intentional and unauthorized use of the MVW's '079 Design Mark, MVW has been compelled to retain counsel to enforce its trade dress rights and prosecute this action, for which MVW should recover attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

**COUNT II**
**Federal Trade Dress Infringement**
**Under Section 32 of the Lanham Act, 15 U.S.C. § 1114**

70.     MVW hereby adopts and realleges by reference the allegations contained in paragraphs 1-57 above, as if fully set forth herein.

71.     MVW exclusively owns the '098 Design Mark.

72.     MVW has and is continuing to use the '098 Design Mark in interstate commerce in connection with Class 28 specifically listed products: Construction toys incorporating magnets, namely toy building blocks.

17

73.     Defendants are using packaging that is confusingly similar to MVW's '098 Design Mark.

74.     Defendants' use of the MVW's '098 Design Mark constitutes a copying, or colorable imitation of MVW's '098 Design Mark.

75.     Defendants are using the MVW's '098 Design Mark in connection with the sale, or advertising of goods in a manner that is likely to cause confusion or mistake, or to deceive customers as to an affiliation, connection, or association with MVW.

76.     Upon information and belief, Defendants' unauthorized use of variations of the '098 Design Mark has and will likely continue to cause confusion, mistake, or deception in the relevant consumer market.

77.     Upon information and belief, MVW alleges, that Defendants have acted in bad faith and/or willfully in adopting confusingly similar variations of the '098 Design Mark including use of the same square shapes in the same or similar upper left side of the paper.

78.     Defendants' unauthorized use of confusingly similar variations of the '098 Design Mark constitutes trade dress infringement in violation of 15 U.S.C. § 1114.

79.     Defendants' infringement on the '098 Design Mark has caused and will continue to cause MVW to suffer irreparable injuries to its good will and customer reputation, in addition to monetary damages.

80.     As a result of Defendants' willful and unauthorized use of MVW's '098 Design Mark, MVW is entitled to injunctive relief.

81.     As a direct and proximate result of Defendants' infringement, MVW has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

18

82.     As a result of Defendants' intentional and unauthorized use of MVW's '098 Design Mark, MVW has been compelled to retain counsel to enforce its trade dress rights and prosecute this action, for which MVW should recover attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

**COUNT III**
**Federal Unfair Competition**
**Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

83.     MVW hereby adopts and realleges by reference the allegations contained in paragraphs 1-57 above, as if fully set forth herein.

84.     Defendants' use of its packaging for its Tytan tiles products in commerce that are the same or confusingly similar to MVW's Registered Trade Dress, which constitutes a false designation of origin and/or false or misleading description or representation of fact.

85.     Defendants' misleading representations have and will continue to cause confusion, mistake, or deceit as to the affiliation, connection, or association with MVW, or as to the origin, sponsorship or approval of Defendants' goods.

86.     Defendants have caused and will continue to cause its false and misleading representations of fact to enter interstate commerce.

87.     Defendants' use of the Infringing Marks in commerce, with knowledge that MVW owns, has used, and continues to use, its trade dress constitutes intentional and willful conduct by Defendants to make false designations of origin and false descriptions about Defendants' goods, services, and commercial activities in violation of 15 U.S.C. § 1125(a).

88.     As a result of Defendants' misleading representations, MVW has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

89.     As a direct and proximate result of Defendants' intentional and unauthorized use of the Infringing Marks, MVW is entitled to injunctive relief.

90.     As a direct and proximate result of Defendants' intentional and unauthorized use of the Infringing Marks, MVW has been compelled to retain counsel to enforce its trade dress rights and prosecute this action, for which MVW should recovery attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

**COUNT IV**
**Trade Dress Infringement**
**Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

91.     MVW hereby adopts and realleges by reference the allegations contained in paragraphs 1-57 above, as if fully set forth herein.

92.     MVW's products consistently bear MVW's Unregistered Trade Dress which consists of highly unique design elements and layout, including, but not limited to, the unique solid colored band on the right side of the packaging, the white background, the primary-colored, overlapping shapes featured on the top left corner of the packaging, and the display of the product itself in the middle of the packaging.

93.     MVW's Unregistered Trade Dress is non-functional.

94.     MVW's Unregistered Trade Dress is distinctive, and consumers encountering products bearing this distinctive trade dress immediately identify the product as originating from MVW.

95.     The goodwill associated with the trade dress is evidenced by MVW's substantial sales of products bearing MVW's Unregistered Trade Dress.

96.     Upon information and belief, Defendants intentionally copied the trade dress with the intention of causing confusion by creating the impression that the products originate from the

20

same source or are endorsed, approved, or licensed by MVW.

97.    Defendants' use of packaging that is the same and/or confusingly similar to MVW's trade dress, constitutes a further false designation of origin and/or false or misleading description or representations of fact, has and is likely to continue to cause confusion, mistake, or deceive as to the affiliation, connection, or association with MVW, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by MVW in violation of 15 U.S.C. § 1125(a).

98.    As a direct and proximate result of Defendants' unauthorized use of MVW's Unregistered Trade Dress, MVW has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

99.    As a result of Defendants' intentional and unauthorized use of MVW's Unregistered Trade Dress, MVW is entitled to injunctive relief.

100.    As a direct and proximate result of Defendants' intentional and unauthorized use of MVW's Unregistered Trade Dress, MVW has been compelled to retain counsel to enforce its trade dress rights and prosecute this action, for which MVW should recover attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

**COUNT V**
**Common Law Trade Dress Infringement**

101.    MVW hereby adopts and realleges by reference the allegations contained in paragraphs 1-57 above, as if fully set forth herein.

102.    MVW owns all rights, title, and interest in and to MVW's Unregistered Trade Dress, including but not limited to all common law rights by virtue of having used and continuing to use MVW's Unregistered Trade Dress.

4903-4585-7801, v. 1

103.    Defendants' unauthorized use of packaging that is confusingly similar to MVW's Unregistered Trade Dress, infringes upon MVW's common law rights and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendants' goods originate from, are affiliated with, or are endorsed by MVW, when in fact, they are not.

104.    The aforementioned acts of Defendants constitute trade dress infringement in violation of the common law of the State of Illinois.

105.    As a direct and proximate result of Defendants' intentional and unauthorized infringement of MVW's common law trade dress rights, MVW has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

106.    As a result of Defendants' intentional and unauthorized infringement, MVW has been damaged and is entitled to damages in an amount to be proven at trial.

107.    As a result of Defendants' intentional and unauthorized ongoing infringement, MVW is entitled to injunctive relief.

108.    As a direct and proximate result of Defendants' intentional and unauthorized infringement, MVW has been compelled to retain counsel to enforce its trade dress rights and prosecute this action, for which MVW should recover attorneys' fees and costs.

## COUNT VI
### Illinois Unfair Competition
### Under the Uniform Deceptive Trade Practices Act 815 ILCS 510/2

109.    MVW hereby adopts and realleges by reference the allegations contained in paragraphs 1-57 above, as if fully set forth herein.

110.    Defendants' unauthorized use of MVW's Trade Dress violates the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

111.    Defendants' use of similar packaging has caused and will continue to cause a

confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services, or confusion or misunderstanding as to affiliation, connection, or association with or certification by MVW.

112.    Defendants' willful infringement of MVW's Trade Dress intended to cause, and did cause, consumers to rely on the misrepresentation.

113.    Upon information and belief, Defendants sell its products at the same stores and on the same shelves as MVW, causing consumer deception as to the origin of the goods.

114.    As a result of Defendants' unfair competition, MVW has suffered and will continue to suffer monetary and irreparable injury in the form of business, reputation, and goodwill.

115.    As a direct and proximate result of Defendants' intentional use of confusingly similar packaging, MVW is entitled to injunctive relief under 815 ILCS 510/3.

116.    MVW should be awarded costs and attorney fees under 815 ILCS 510/3, for Defendants' willful deception in trade practices.

### COUNT VII
### Illinois Unfair Competition
### Under the Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/2

117.    MVW hereby adopts and realleges by reference the allegations contained in paragraphs 1-57 above, as if fully set forth herein.

118.    Defendants have engaged in unfair methods of competition and unfair or deceptive acts or practices under 815 ILCS 505/2.

119.    Defendants' unauthorized and willful use of confusingly similar packages in the selling, promotion, advertising, distribution and/or offering for sale, of its goods constitutes unfair competition and deception.

4903-4585-7801, v. 1

120.     Defendants' intentional copying or imitation of MVW's Trade Dress has caused and will continue to cause consumer confusion and deception as to the affiliation, connection or association of Defendants' goods with MVW's, and the origin, sponsorship, or approval of Defendants' use by MVW.

121.     Upon information and belief, Defendants willfully and intentionally used confusingly similar packaging in commerce to deceive consumers as to the source, origin, or sponsorship of its goods.

122.     As a result of Defendants' intentional misuse of MVW's Trade Dress, MVW has suffered monetary and irreparable harm to its business, reputation, and goodwill.

123.     As a direct and proximate result of Defendants' willful infringement and deceptive trade practice, MVW is entitled to economic damages, injunctive relief, attorneys' fees and costs, any other relief the court deems proper, pursuant to 815 ILCS 505/10a.

## PRAYER FOR RELIEF

Accordingly, MVW prays that this Court enter a judgment in its favor and against Defendants as follows:

A.  That the Court enter judgment in favor of MVW and against Defendants on all claims for relief alleged herein.

B.  For an injunction immediately restraining Defendants, its officers, agents, servants, employees, licensees, attorneys and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, from:

   1)  manufacturing, selling, or distributing products bearing MVW's Trade Dress or

4903-4585-7801, v. 1

anything confusingly similar thereto;

2) advertising or promoting products bearing MVW's Trade Dress or anything confusingly similar thereto; and

3) from holding out in any manner whatsoever that Defendants or Defendants' products are in any way sponsored by, endorsed by, connected to, associated with, affiliated with, or licensed by MVW or MVW's products.

C. That Defendants be required to make all reasonable efforts to recall from its customers, and those in its network of distributors, all of the products Defendants have sold bearing MVW's Trade Dress which have not yet been sold to end consumers.

D. That Defendant be directed to deliver up and/or destroy all products and materials of any nature whatsoever bearing MVW's Trade Dress or anything confusingly similar thereto, including but not limited to products, packaging, or prints, advertising materials, promotional materials, brochures, photographs, packaging materials, etc., and/or any other materials bearing MVW's Trade Dress or anything confusingly similar thereto, pursuant to 15 U.S.C. §1118.

E. That Defendants be required to make an accounting to MVW and be directed to pay over to MVW all gains, profits and advantages realized by Defendants from the sale and distribution of products bearing MVW's Trade Dress pursuant to 15 U.S.C. §1117.

F. That Defendants be directed to pay to MVW all damages with prejudgment interest suffered by MVW, and that such damages be trebled in accordance with the law pursuant to 15 U.S.C. §1117.

G. That Defendants be directed to pay to MVW's reasonable attorney's fees and all costs connected with this action pursuant to 15 U.S.C. §1117.

4903-4585-7801, v. 1

H.  That MVW have such other and further relief that the Court may deem just and proper.

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury for each and every issue so permitted by law and statute.

Respectfully submitted,

Dated: December 20, 2024                    By: */s/ Joseph W. Barber*

Joseph W. Barber
HOWARD & HOWARD ATTORNEYS PLLC
450 West Fourth Street
Royal Oak, Michigan 48067
T: (248) 723-0456
F: (248) 723-1568
jwb@h2law.com

Kristopher K. Hulliberger
*pro hac vice forthcoming*
450 West Fourth Street
Royal Oak, Michigan 48067-2557
T: (248) 723-0453
F: (248) 723-1568
kkh@h2law.com

Attorneys for Plaintiff

4903-4585-7801, v. 1